IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC**, <br><br> Plaintiff, <br><br> *v.* <br><br> **JOHN DOE,** *subscriber assigned IP address 68.81.129.235*, <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 21-4021-KSM** |

### MEMORANDUM

**Marston, J.**                                                                                    **September 29, 2021**

Plaintiff Strike 3 Holdings, LLC has sued John Doe Subscriber Assigned IP Address 68.81.129.235 for copyright infringement. (Doc. No. 1.) Because Plaintiff does not know Defendant's name or mailing address, it filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. No. 3), requesting leave to subpoena Comcast Cable — Defendant's internet service provider (ISP) — to obtain the information necessary to complete service of process. (*See generally id.*) For the reasons discussed below, we will grant Plaintiff's Motion.

I.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); *see also Malibu Media, LLC v. Doe*, Civ. A. No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013) (quoting Rule 26(d)(1)). "Rule 26(d) does not set a standard for determining when expedited discovery should be permitted." *Strike 3 Holdings,*

*LLC v. Doe*, 1:18-cv-2674-NLH-JS, 2020 WL 3567282, at *4 (D.N.J. June 30, 2020). However, courts in this Circuit typically apply a "good cause" standard.[1] *See e.g.*, *id.*; *Canal Street Films v. Does 1–22*, Civ. No. 1:13-CV-0999, 2013 WL 1775063, at *2 (M.D. Pa. Apr. 25, 2013) ("[T]he recent trend among courts in this circuit favors the 'good cause' or reasonableness standard.'").

"Good cause exists where the 'need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Strike 3 Holdings, LLC*, 2020 WL 3567282, at *4 (quoting *Malibu Media, LLC v. John Doe*, No. 16-cv-942 (KM/MAH), 2016 WL 952340, at *1 (D.N.J. Mar. 14, 2016)); *see also Canal Street Films*, 2013 WL 1775063, at *3. In making this determination, courts in this District frequently consider whether:

> (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) the defendant has a minimal expectation of privacy.

*Malibu Media, LLC*, 2013 WL 2392923, at *1 (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)); *see also Strike 3 Holdings, LLC*, 2020 WL 3567282, at *4; *Canal Street Films*, 2013 WL 1775063, at *3. Applying these factors here, we find that Plaintiff has shown good cause for expedited discovery.

---

[1] "Prior to 2015, Rule 26(b) included a 'good cause' standard for court-ordered discovery." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1208 n. 2 (D.C. Cir. 2020). Although the 2015 amendments to the Rule eliminated the good cause requirement "and replaced it with the overarching relevance and proportionality standard," *id.*, district courts in this Circuit have continued to look to the good cause factors in analyzing motions for expedited discovery. *See e.g.*, *Strike 3 Holdings*, 2020 WL 356782, at *4; *Strike 3 Holdings, LLC v. Doe*, Civ. A. No. 18-16593, 2019 WL 4745360, at *1 (D.N.J. Sept. 30, 2019) ("The Court found, by Order on January 9, 2019, that good cause existed to issue and serve the subpoena on Comcast, despite the fact that a Rule 26(f) conference has not yet occurred."); *Malibu Media, LLC*, 2016 WL 952340, at *1 ("Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the 'good cause' test.").

First, Plaintiff has pled a prima facie case of copyright infringement.  "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements that are original."  *Feist Publications, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991).  In the complaint, Plaintiff alleges that it "is the owner of the Works [multiple adult films], which [are] an original work of authorship" and that it "owns the copyrights to the Works," which are registered with the United States Copyright Office.  (Doc. No. 1 at p. 7 ¶¶ 45, 48.)  Plaintiff also alleges that "Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" without Plaintiff's authorization.  (*Id.* at p. 7 ¶ 49–50.)  Three of Plaintiff's employees submitted declarations in support of these allegations.  (Doc. Nos. 3-2, 3-3, and 3-4 (each detailing his or her role in uncovering the alleged infringement).)  *See Malibu Media, LLC*, 2013 WL 2392923, at *1.

Second, Plaintiff has submitted a sufficiently specific discovery request for Defendant's name and address.  *See id.* ("Plaintiff has also submitted a specific discovery request, that is, for the name, mailing address, telephone number, and e-mail address of the defendant."); *Malibu Media, LLC v. John Does 1–15*, Civ. A. No. 12-2077, 2012 WL 3089383, at *7 (E.D. Pa. July 30, 2012) ("As to the specificity of the information sought, Plaintiff seeks only the name, address, telephone number, e-mail address and Media Access Control address of Defendant.  We find this sufficiently specific to identify the persons so that they can be properly served."). Third, there is no practical way for Plaintiff to obtain this information without the subpoena directed to the ISP.  *See Malibu Media, LLC*, 2012 WL 3089383, at *7 ("[W]e fail to recognize any available alternative.").  Fourth, Plaintiff needs the requested information to identify Defendant and avoid dismissal of its claims.  *Id.* at *8 ("[T]he identity of the defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation."); *see*

3

*also Malibu Media*, 2013 WL 2392923, at *1 ("Without knowing defendant's identity, plaintiff cannot make service and the lawsuit cannot proceed."). To this end, the Third Circuit has cautioned that when "discovery is sought by a plaintiff [that] would aid in the identification of responsible defendants or the lack thereof, district courts should strongly consider granting it." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004). Last, courts consistently find that a defendant's expectation of privacy is minimal in these circumstances. *See Malibu Media, LLC*, 2013 WL 2392923, at *1 ("Under the circumstances, defendant's expectation of privacy is minimal."); *Malibu Media, LLC*, 2012 WL 3089383, at *8 ("An internet user engaging in peer to peer file sharing has a minimum expectation of privacy. . . . This expectation is even lower where the alleged transmissions include copyrighted protected works."); *Strike 3 Holdings, LLC*, 2020 WL 3567282, at *10 ("In general, privacy rights do not grant users a license to infringe on copyrighted material.").

In sum, we find that Plaintiff's request for expedited discovery is reasonable under the circumstances and will grant Plaintiff's Motion. However, "in light of the unavoidable *ex parte* nature of such a request, the court finds it prudent to incorporate some protections to avoid any unintended consequences of the disclosure" of Defendant's information. *Canal Street Films*, 2013 WL 1775063, at *3 (incorporating conditions that are "intended to curtail unfettered expedited discovery"). As outlined below, Defendant and the ISP shall have an opportunity to challenge the subpoena or move for entry of a protective order. *See Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 482 (E.D. Pa. 2019) ("To the extent defendant raises concerns regarding embarrassment or the possibility of incorrect identification . . . [w]e will issue [a protective] order, which will appropriately address defendant's concerns while permitting Strike 3 to obtain information that is undoubtedly relevant and discoverable."); *Strike 3 Holdings, LLC*,

2020 WL 3567282, at *11 ("[A]ny concerns about misidentification or privacy exposure are easily assuaged through implementation of an appropriate protective order.").

## II.

For the reasons discussed above, we will grant Plaintiff's Motion. An appropriate order follows.